UNITED STATES DISTRICT COURT
EASTERN DISTRICT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RICHARD GOMEZ,                                    ANSWER

                Plaintiff,           Case No:  cv 08 2872
                                      (Irizarry, J)(Mann, M.J.)

    -against-

CALL-A-HEAD CORP., CALL-A-HEAD FUEL
DIVISION INC., CALL-A-HEAD PORTABLE
TOILETS, INC. and CHARLES P. HOWARD,
jointly and severally,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendants, CALL-A-HEAD CORP., CALL-A-HEAD FUEL DIVISION INC.,

CALL-A-HEAD PORTABLE TOILETS, INC. and CHARLES P. HOWARD,

(hereinafter DEFENDANTS) by their attorney, appear herein, and pursuant to

Fed. Civ. P 8 & 12, file this answer and affirmative defenses:

## NATURE OF THE ACTION

     1. Defendants admit that plaintiff alleges entitlement to recover under the

Fair Labor Standards Act ("FLSA") but denies the remaining allegations

contained in paragraph 1 of the Complaint. Further answering, defendants deny

that plaintiff is entitled to any recovery under the FLSA.

     2. Defendants admit that plaintiff alleges entitlement to recover under the

New York Labor Law ("NYLL") but denies the remaining allegations contained in

paragraph 2 of the Complaint. Further answering, defendants deny that plaintiff

is entitled to any recovery under the NYLL.

## RESPONSE TO JURISDICTION AND VENUE

3. Defendants admit that this Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367. In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Defendants admit that venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

5. Defendants admit that this Court is empowered to issue declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Defendants deny knowledge and information sufficient to form a belief as to plaintiff's residence.

7. Admit that Call-A-Head Corp., is a for-profit corporation with its principal place of business at 304 Cross Bay Blvd., Broad Channel, NY, County of Queens.

8. Call-A- Head Fuel Division Inc.

9. Call-A-Head Portable Toilets, Inc., is a for-profit corporation with its principal place of business at 304 Cross Bay Blvd., Broad Channel, NY, County of Queens.

10. Defendant Charles W. Howard [not Charles P. Howard] is the President of Call-A-Head Portable Toilets Inc., and is an individual residing in New York State.

## STATEMENT OF FACTS

11. Plaintiff, RICHARD GOMEZ, was hired by Call-A-Head Portable Toilets Inc. under the description of a Pump Truck Driver.

12. Defendants deny each and every allegation contained in paragraph 12 of the complaint.

13. Defendants deny each and every allegation contained in paragraph 13 of the complaint.

14. Plaintiff was employed by the defendant Call-A-Head Portable Toilets Inc. from April 29, 2006 until June 9, 2008.

15. Defendants deny each and every allegation contained in paragraph 15 of the complaint.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

14. [sic] Defendants deny each and every allegation contained in paragraph 12 of the complaint.

15. [sic] Defendants admit they are employers engaged in interstate commerce and/or the production of goods for commerce, with the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. Defendants admit they employed plaintiff within the meaning of the FLSA.

17. Defendants admit they have gross revenues in excess of $500,000.00.

18. Defendants admit they employed two or more employees during the time of Plaintiff's employment with defendants.

19. Defendants deny knowledge and information sufficient to form a belief as to whether plaintiff has consented to be a party in this action.

## FLSA: FAILURE TO PAY OVERTIME

20. Defendants deny each and every allegation contained in paragraph 20 of the complaint.

21. Defendants deny each and every allegation contained in paragraph 21 of the complaint.

22. Defendants deny each and every allegation contained in paragraph 22 of the complaint.

23. Defendants deny each and every allegation contained in paragraph 23 of the complaint.

## FLSA: UNPAID MINIMUM WAGES

24. Defendants deny each and every allegation contained in paragraph 24 of the complaint.

25. Defendants deny each and every allegation contained in paragraph 25 of the complaint.

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

26. Defendants deny each and every allegation contained in paragraph 26 of the complaint.

27. Plaintiff was employed by defendants at the relevant times stated within the meaning of the New York labor Law, §§2 and 651.

28. Paragraph 28 is a conclusion of law to which no responsive pleading is required.

29. Defendants deny each and every allegation contained in paragraph 29 of the complaint.

30. Defendants deny each and every allegation contained in paragraph 30 of the complaint.

31. Defendants deny each and every allegation contained in paragraph 31 of the complaint.

32. Defendants deny each and every allegation contained in paragraph 32 of the complaint.

WHEREFORE, defendants respectfully demand judgment dismissing the complaint with prejudice and awarding defendants its costs, reasonable attorney's fees and such other and further relief as the Court may deem just and proper.

## DEFENSES

Without unnecessarily assuming the burden of proof, Defendants, CALL-A-HEAD CORP., CALL-A-HEAD FUEL DIVISION INC., CALL-A-HEAD

PORTABLE TOILETS, INC. and CHARLES P. HOWARD [sic], set forth the following separate and distinct defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. In the event that a violation of the Fair Labor Standards Act and/or the New York Labor Law did occur, for the purpose of argument only, defendants assert that the act or omission giving rise to such claim was in good faith and that any said act or omission was not consistent with the intent of Call-A-Head Portable Toilets Inc.'s policy and therefore the alleged relief and remedies sought by plaintiff, including liquidated damages and prejudgment interest, are not appropriate.

3. If the alleged acts occurred, such acts were committed in violation of Call-A-Head Portable Toilets Inc's policies and procedures.

4. Plaintiff is not entitled to any compensation for time spent before or after the principal work activities for which he was employed to perform.

5. Plaintiff was properly paid for all time worked for the primary benefit of Call-A-Head Portable Toilets Inc., in accordance with State and Federal law, but should it be determined that some hours of work were not properly paid, which is specifically denied, then such amount was negligible.

6. The claims of plaintiff are barred by payment and/or accord and satisfaction as plaintiff has been fully compensated for all wages due and owing from defendants.

WHEREFORE, defendants respectfully pray that this Court:

Dismiss plaintiff's complaint with prejudice; or alternatively, award judgment in favor of defendants; and tax all costs and attorneys fees against plaintiff.

Dated: Broad Channel, NY
       September 3, 2008

                                      _____
                                      THOMAS C. MONAGHAN (9929)
                                      609 Cross Bay Boulevard
                                      Broad Channel, NY  11693
                                      (718) 474-4955
                                      facsimile:  (718) 474-8402


TO:   LAW OFFICE OF JUSTIN A. ZELLER, P.C.
       251 West 14th Street – 5th Floor
       New York, NY  10011
       (212) 229-2249
       Att:  Justin A. Zeller

UNITED STATES DISTRICT COURT
EASTERN DISTRICT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x     CERTIFICATION
RICHARD GOMEZ,     OF SERVICE

                 Plaintiff,     Case No: cv 08 2872
                                                                                  (Irizarry, J)(Mann, M.J.)

      -against-

CALL-A-HEAD CORP., CALL-A-HEAD FUEL
DIVISION INC., CALL-A-HEAD PORTABLE
TOILETS, INC. and CHARLES P. HOWARD,
jointly and severally,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CERTIFICATION OF SERVICE

      I hereby certify that a copy of the foregoing Answer has been served on

counsel for the Plaintiff via regular mail, at the addresses listed below:

TO:        LAW OFFICE OF JUSTIN A. ZELLER, P.C.
            251 West 14th Street – 5th Floor
            New York, NY 10011
            Att: Justin A. Zeller


Dated: Broad Channel, NY
September 3, 2008

                                        _____
                                        Thomas C. Monaghan, Esq. (9929)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RICHARD GOMEZ,

               Plaintiff,

                                Case No: cv 08 2872
-against-                   (Irizarry, J)(Mann, M.J.)

CALL-A-HEAD CORP., CALL-A-HEAD FUEL
DIVISION INC., CALL-A-HEAD PORTABLE
TOILETS, INC. and CHARLES P. HOWARD,
jointly and severally,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### *ANSWER AND AFFIRMATIVE DEFENSES*

Dated: September 3, 2008

_____
                                    Signature (Rule 130-1,1-a)

                              _____
                              THOMAS C. MONAGHAN


               Law Offices of Thomas C. Monaghan
                       609 Cross Bay Blvd.
                    Broad Channel, NY   11693
                        (718)  474-4955